UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TANYA BOCKENHOLT, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-478-SNLJ |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Commissioner of the Social Security Administration denied plaintiff Tanya Bockenholt's applications for disability insurance benefits and supplemental security income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Bockenholt now seeks judicial review. The Commissioner opposes the motion. The issues being fully briefed, and for the reasons set forth, this Court will **AFFIRM** the Commissioner's decision.

**I.     Procedural History**

Bockenholt's application was denied at the initial determination level. She then appeared before an Administrative Law Judge ("ALJ"). The ALJ found Bockenholt is not disabled because her symptoms were not supported by the medical evidence available. Bockenholt then filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration. The Appeals Council denied review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

1

*See* 20 C.F.R. §§ 404.981, 416.1481. Bockenholt now seeks review by this Court pursuant to 42 U.S.C. § 405(g).

## II.     Disability Determination—Five Steps

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental

ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(3)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant

is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. The ALJ's Decision

At Step One, the ALJ found Bockenholt met the insured status requirements through June 30, 2015, and had not engaged in substantial gainful activity since April 3, 2014. (Tr. 15). At Step Two, the ALJ found Bockenholt suffers from nine medically

4

determinable impairments: (1) degenerative disc disease of the lumbar spine; (2) fibromyalgia; (3) bilateral carpal tunnel syndrome; (4) asthma; and (5) migraine headaches; (6) obesity; (7) depression; (8) anxiety; and (9) post-traumatic stress disorder. (Tr. 15).[1] At Step Three, the ALJ concluded Bockenholt does not have an impairment or combination of impairments that meets or equals one of the presumptively disabling impairments listed in the regulations. (Tr. 16).

Next, in beginning the analysis of Step Four, the ALJ determined Bockenholt's RFC.[2] The ALJ found that Bockenholt

> has the residual functional capacity to perform a range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) in that she can lift, carry, push, or pull ten pounds occasionally and less than ten pounds frequently; sit for six hours in an eight-hour workday; stand or walk for six hours in an eight-hour workday; only frequently handle, finger, and feel; never climb ropes, ladders, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; no concentrated exposure to unprotected heights or hazardous machinery; no concentrated exposure to respiratory irritants such as dust, fumes, odors, gases, and poor ventilation; limited to simple, routine tasks with minimal changes in job setting and duties; only occasional contact with the general public, coworkers, and supervisors.

(Tr. 18). As part of this determination, the ALJ found Bockenholt's allegations about her symptoms' intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record. (Tr. 19). The ALJ noted that

---

[1] Bockenholt makes no arguments before this Court related to her mental impairments, but instead focuses purely on the alleged disabling effects of her physical impairments—back pain and complications from carpal tunnel syndrome, in particular.

[2] In the past, there has been some confusion as to when the RFC is determined, which affects who holds the burden of proof in establishing an appropriate RFC. In this Circuit, it has been held that "the RFC is used at both step four and five of the evaluation process, but it is determined at step four, where the burden of proof rests with the claimant." *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (*quoting Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000)).

many of Bockenholt's symptoms are either controlled by medication or have improved with surgical intervention; for example, it was noted that Bockenholt's carpal tunnel condition "improved significantly after surgery." (Tr. 19). And while being treated for fibromyalgia, the ALJ emphasized "the claimant's doctors have consistently not identified multiple tender points … suggest[ing] that her fibromyalgia may cause some minor limitations, but is not totally disabling." (Tr. 20). It was also pointed out that Bockenholt "has received extensive treatment for her lower back pain" that "appear[s] to be very helpful" in managing symptomology. (Tr. 20). In total, the ALJ concluded that Bockenholt's healthcare providers "have typically reported normal or almost normal physical examination results" that, when compared to her daily activities (shopping, taking care of children, caring for her mother, etc.), suggests Bockenholt is not disabled. (Tr. 20). In fact, the ALJ highlighted that "[h]er healthcare providers frequently advise her to *increase* her exercise and daily activities, which suggests that the [assigned] RFC is appropriate." (Tr. 20 (emphasis added)).

With an RFC determination in hand, the ALJ continued on through Step Four to determine whether Bockenholt can perform her past relevant work given his designated RFC. The ALJ determined Bockenholt cannot perform any past relevant work. (Tr. 21). At Step Five, the ALJ analyzed whether Bockenholt can successfully adjust to other work. The ALJ noted that if Bockenholt had the RFC to perform the full range of sedentary work—in other words, if Bockenholt's RFC matched perfectly with the Medical-Vocational Guidelines (the "Grids")—then the Grids would direct a finding of not disabled; but, additional limitations impede Bockenholt's ability to perform all or

6

substantially all of the sedentary work requirements. Thus, the ALJ relied on vocational expert (VE) testimony to determine the extent to which these limitations erode Bockenholt's occupational base to perform sedentary work. The VE testified Bockenholt is able to perform work as an addresser, document preparer, touch-up screener, and surveillance system monitor even after considering all of the limitations in Bockenholt's RFC. (Tr. 22). The ALJ then found these jobs exist in significant numbers in the national economy and concluded Bockenholt is not disabled. (Tr. 22).

## IV. Standard of Review

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (*quoting Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Id.* "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992). In reviewing whether the ALJ's decision was supported by substantial evidence, this Court does not substitute its own judgment for that of the ALJ—even if different conclusions could be drawn from the evidence, and

even if this Court may have reached a different outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

**V.    Discussion**

Bockenholt's appeal is a narrow one. She argues only that the ALJ failed to fully develop the record, stating the ALJ "succumbed to the temptation to play doctor" by picking and choosing amongst the available evidence. The bulk of Bockenholt's brief is dedicated to pinpointing a variety of medical records the ALJ either did not address or glossed over relating, in particular, to her back pain and carpal tunnel syndrome. In the face of seemingly inconsistent evidence, Bockenholt argues the ALJ was required to obtain a consultative evaluation or medical expert opinion that provided an opinion specifically addressing "[p]laintiff's physical ability to function in the workplace."

This Court disagrees. There is "no requirement that an RFC finding be supported by a specific medical opinion," and thus "[where] the medical record [is] adequately developed, the ALJ [is] not required to seek additional information … or order a CE." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Equally, "an ALJ is not required to discuss every piece of evidence submitted." *Id.* (*quoting Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). Concordantly, it makes no difference that certain records may support Bockenholt's belief that she is disabled, or that certain experts, if approached, would have opined that Bockenholt is disabled. It is the ALJ's statutory responsibility to weigh relevant—and often conflicting—evidence, which is deemed conclusive pursuant to 42 U.S.C. § 405(g) when supported by substantial evidence. *See Nash v. Commissioner*, 907 F.3d 1086, 1089 (8th Cir. 2018). Therefore, it is not this Court's

prerogative to second-guess the ALJ or reweigh the evidence for itself. If it is possible "to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings," this Court is obligated to affirm the Commissioner's decision. *Gann v. Berryhill*, 864 F.3d 947, 950-951 (8th Cir. 2017). In sum, this Court must satisfy itself only that the ALJ's decision lies with the permissible "zone of choice"—that is to say, that the ALJ's decision lies within the parameters of discretion given to him or her by Section 405(g). *Hacker v. Barnhart,* 459 F.3d 934, 936 (8th Cir. 2006); 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

Here, the ALJ's decision was supported by substantial evidence. While Bockenholt points out that she testified her "hand goes numb and it hurts horribly" secondary to carpal tunnel syndrome, her hand surgeon who performed the surgery to relieve her carpal tunnel noted her symptoms "greatly improved" after surgery; the surgeon also took a notably conservative post-operative approach, ordering only a daily lotion and a two-or-three month follow-up tempo. (Tr. 776-777). Likewise, while Bockenholt attempts to isolate and highlight records she believes demonstrates disabling functional capacity, the bulk of her total medical record persistently references normal or near-normal finds and "minor" or "slight" impairments. (Tr. 330, 345, 348, 364, 371, 401-402, 414, 430-431, 491-492, 507, 564, 617, 676, 679, 749-50, 817, 826, 887, 902-903, 1026). In fact, her providers regularly instructed her to *increase* her exercise and daily activities, rather than reduce them or eliminate them as might otherwise coincide with an inference of disability. (Tr. 302, 403, 415, 419, 482, 565, 599, 621, 671, 785,

828, 1031-1032). Evidence such as this does not suggest Bockenholt was disabled. *See Hacker*, 459 F.3d at 938 (fact that provider suggested claimant should exercise more was a valid basis for ALJ disregarding contrary evidence that claimant was incapable of even minor physical exertion); *Thiele v. Astrue,* 856 F.Supp.2d 1034, 1048 (D. Minn. 2012) (ALJ appropriately disregarded opinions of provider, who relied on claimant's subjective complaints, where the total record suggested mild or normal clinical findings, infrequent complaints, and successful treatment). And, of course, Bockenholt was actually engaged in a number of daily activities—caring for her children and her mother, grooming herself, driving, shopping, doing light household chores, etc.—that further buttress the ALJ's conclusion that Bockenholt was not disabled. *See Thomas v. Berryhill*, 881 F.3d 672, 676 (8th Cir. 2018) (noting that "even someone with severe physical and mental impairments may nonetheless be able to work," and affirming ALJ's decision to disregard opinions of provider favoring finding of disability where claimant's self-reported daily activities of caring for her children, preparing food, doing housework, shopping, and driving a car "showed that she could work").

More importantly, such evidence confirms the ALJ was acting within her "zone of choice." *Hacker*, 459 F.3d at 936. Having been confronted with evidence that occasionally suggested some measure of impairment, but also frequently suggested Bockenholt was capable of functioning in a predominately sedentary work environment, the ALJ was empowered to resolve these conflicts through the marshalling of substantial evidence supporting her ultimate conclusion. *See Heino v. Astrue*, 578 F.3d 873, 879-880 (8th Cir. 2009); *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). Having done

10

exactly that, this Court—cognizant of the deference owed by Section 405(g)—will not critique the decision-making process of the ALJ in search of evidence it might have viewed differently.

## VI. Conclusion

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara*, 590 F.3d at 610. Having found the ALJ's conclusions were supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**, and plaintiff Tanya Bockenholt's complaint (#1) is **DISMISSED with prejudice**. A separate judgment will accompany this Order.

So ordered this 25th day of March 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE